IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMILIA PORTILLO

v.

NORDSTROM, INC. and
JORGE SILVA

Civil No. WMN-98-794

**MEMORANDUM AND ORDER**

Before the Court is Defendant Nordstrom, Inc.'s Bill of Costs (Paper No. 56). Plaintiff has opposed the Bill. Upon consideration of the Bill, the Court determines that it should be denied.

Defendant Nordstrom, Inc. seeks reimbursement of, primarily, deposition transcript costs, in the amount of $7,840.57, under Fed. R. Civ. P. 54(d), Local Rule 109, and 28 U.S.C. § 1920. Rule 54(d) creates a presumption of an award to the prevailing party. This presumption may, however, be overcome by the district court, in its discretion, articulating a "good reason to do so." See Cherry v. Champion International Corp., 186 F.3d 442, 446 (4th Cir. 1999). In the Fourth Circuit, one such "good reason" is the "losing party's inability to pay" the award.[1] Id. at 447.

Plaintiff states, and Defendant does not dispute, that she earns approximately $11,800.00 per year. Given that the cost award would be equal to almost 70 percent of her annual income, she is clearly "unable to pay" such an award.

---

[1] In its Reply, Defendant incorrectly focuses on the Cherry discussion regarding the parties comparative economic power, which, according to the Fourth Circuit, is not enough to overcome the presumption. See Reply at 6.

Accordingly, IT IS this 16th day of October, 2000, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant Nordstrom, Inc.'s Bill of Costs (Paper No. 56), is hereby DENIED;

2. That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.

_____
William M. Nickerson
United States District Judge